UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAIG TOBERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:16-CV-519 (CEJ) |
| ) | |
| BPV MARKET PLACE INVESTORS, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand the action to state court. Defendant has responded in opposition. Plaintiff has not filed a reply memorandum, and the time to do so has expired.

Removal in this case was premised on diversity jurisdiction, which requires an amount in controversy greater than $75,000, exclusive of interest and costs, and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). In the instant motion and in an affidavit, plaintiff states that he is not seeking more than $75,000 in the lawsuit; as such, he argues that the amount-in-controversy requirement is not satisfied and the Court lacks subject matter jurisdiction. The parties' diverse citizenship is not disputed.

In the complaint, plaintiff seeks damages resulting from an injury he sustained when a pint glass fell onto his hand from the second floor of a building defendant owns. The plaintiff alleges that he sustained "severe, permanent, painful and disabling personal injuries to his left hand, wrist, thumb and fingers and the bones, joints, muscles, tendons, tissues, nerves, membranes, ligaments and parts thereof." Complaint at ¶ 8 [Doc. #3]. Because of these injuries, plaintiff alleges that he has incurred and likely will continue to incur "substantial medical bills and an impaired ability to work and enjoy hobbies," in addition to "severe physical and emotional pain

and suffering." Compl. at ¶ 10. In accordance with Missouri law, plaintiff did not plead a specific amount of damages in the complaint, but has requested a judgment in excess of $25,000. See Mo. Rev. Stat. §§ 55.05, 55.19.

Where, as here, the complaint fails to allege a specific amount of damages, the removing party has the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005). In the Eighth Circuit, the amount in controversy is measured by "the value to the plaintiff of the right sought to be enforced." Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 821 (8th Cir. 2011) (quoting Advance Am. Servicing of Ark. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008)). "The jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude they are." James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 833 (8th Cir. 2005) (quoting Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is less than the requisite amount." Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009).

Based on the allegations in the complaint, a fact finder might legally conclude that the damages in this case are greater than $75,000, exclusive of interest and costs. In his affidavit, plaintiff states that he is "not seeking over Seventy-Five Thousand Dollars ($75,000.00) in the above-captioned lawsuit." *Affidavit* [Doc. #16-1]. However, Missouri law prohibits him from including a specific amount in his prayer for relief. "Where state law prohibits plaintiffs from specifying damages in

2

their state court complaints, this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending an original pleading." Ingram v. Procter & Gamble Paper Products Co., No. 4:11-CV-549 (CAS), 2011 WL 1564060, at *2 (E.D. Mo. Apr. 25, 2011) (collecting cases). Here, plaintiff makes no stipulation that he will neither ask for nor accept an amount in excess of $75,000 at trial.

In light of the foregoing, the Court cannot conclude to a legal certainty that the jurisdictional amount at the time of removal did not exceed $75,000. See, e.g., Schmidt v. Flesch, No. 4:05-CV-1498 (HEA), 2006 WL 1026952, at *2 (E.D. Mo. Apr. 13, 2006); Workman v. Kawasaki Motors Corp., U.S.A., 749 F. Supp. 1010, 1011 (W.D. Mo. 1990). Based on the face of the complaint and the notice of removal, the Court finds that it has subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #16] is **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of June, 2016.